UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS H. TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:23-cv-02218 |
| v. | ) |
| | ) |
| CERMAK TIRES AND AUTO SERVICE, INC., an Illinois corporation, SAUL MEZA, and RAFAEL MEZA, | ) |
| | ) Honorable Jeremy C. Daniel |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants **CERMAK TIRES AND AUTO SERVICE, INC.** ("Cermak"), **SAUL MEZA**, and **RAFAEL MEZA** (collectively "Defendants") by and through their attorneys, Koehler Dinkel LLC, and hereby submit their Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint, and state as follows:

**INTRODUCTION**

Plaintiff failed to respond to Defendants' argument regarding pleading himself out of court for all alleged unpaid overtime premiums during 2021 and thereafter through the end of his employment. As such, Plaintiff has abandoned any argument to the contrary, and the Court should grant Defendants' motion to dismiss regarding any claims of unpaid overtime during 2021 and forward.

In addition, for the reasons outlined below, the Court should also grant Defendants' Motion to Dismiss regarding Plaintiff's claims for a failure to properly plead an overtime claim pursuant to the FLSA and IMWL and because claims alleged to have occurred three years prior to the

1

commencement of this action are time barred.

## ARGUMENT

I. **THE COURT SHOULD GRANT DEFENDANTS' MOTION BECAUSE PLAINTIFF FAILS TO STATE A VALID CLAIM FOR OVERTIME.**

First, it is important to note that Plaintiff failed to respond to Defendants' argument that he "pleads himself out of court on any claims for alleged unpaid overtime after September 2021." ECF No. 42 p.6. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"). This failure is likely due to the fact that he cannot respond and/or properly amend his complaint within the confines of Rule 11 to address this argument. As outlined in Defendants' Memorandum, during the applicable statutory time period, Plaintiff alleges that he worked from "2020 to 2022 . . . from 9:00 a.m. to 6:00 p.m." ECF No. 36 at ¶7. Plaintiff also alleges that he worked "[f]rom 2016 to 2021 . . . from 9:00 a.m. to 2:00 p.m. on Saturday without a lunch break." *Id*. Thus, from 2021 to September 2022 (when Plaintiff's employment ended, *Id*.), Plaintiff worked 9 hours, 5 days a week, with presumably a 1-hour lunch break (which he admits in his verified Interrogatory Answers), which equals 40 hours a week. Thus, Plaintiff pleads himself out of court and has abandoned any argument to the contrary regarding any claims for alleged overtime alleged to have arisen during 2021 (through the end of his employment). Defendants should not be required to continue to defend against a forfeited and unsupported claim. Accordingly, Plaintiff's claims alleged to have arisen during 2021 and through the end of Plaintiff's employment should be dismissed and the Court should grant Defendants' Motion to Dismiss.

Second, regarding Plaintiff's remaining claims prior to 2021 (and the same argument applies to all of his allegations), Plaintiff responds "[n]ot only did Torres allege the hours he

2

worked per week for the years in question, he alleged the start and end times for his daily work." ECF No. 44 at p.7. However, although Plaintiff pleads his start and end times and pleads that he "was not paid one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week[,] this is insufficient. Similar to *Parks v. Speedy Title & Appraisal Rev. Servs.*, 318 F. Supp. 3d 1053, 1069 (N.D. Ill. 2018) and *Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-2353, 2011 WL 3950892 (N.D. Ill. Sept. 1, 2011), Plaintiff simply, and generically, seeks overtime for all hours he may have worked over 40 in a workweek. However, Plaintiff does not plead that he actually worked more than 40 hours in any given week nor how often that happened. This is important here because although Plaintiff alleges his schedule and claims he "worked", he does not allege how many hours he *actually* worked or how often he worked more than 40 hours in a workweek. This is shown because he alleges that he had no lunch during the short shift on Saturday, but is silent as to his meals, breaks, or any other activities on all of the other days. ECF No. 36 at ¶7. *See Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 979 (N.D. Ill. 2019); *Trujillo v. Mediterranean Kitchens, Inc.*, No. 17-CV-01887, 2017 WL 2958240, at *1 (N.D. Ill. July 11, 2017) ("courts of this district have generally agreed that a plaintiff must plead details beyond having worked more than 40 hours without overtime to state a claim under the FLSA").

Plaintiff cites *Hancox v. Ulta Salon, Cosms., & Fragrance, Inc.*, No. 17—cv-01821, 2018 WL 3496086, at *3 (N.D. Ill. July 20, 2018), for the proposition that Plaintiff pled enough. However, the court in *Hancox* stated that the plaintiff cleared the pleading hurdle, "though not by a lot." *Id.* Here, Plaintiff pleads less than what was pled in *Hancox* falling below the pleading threshold. In *Hancox*, the plaintiff pled an approximation of the number of weeks during which she worked overtime and that she often worked through unpaid lunch periods resulting in more than 40 hours in a workweek. *Id.* at *4. No such allegations are present here.

Plaintiff cites *Diaz v. E&K Cleaners, Inc.*, No. 16-cv-07952, 2018 WL 439120, at *1 (N.D. Ill. Jan. 16, 2018); *Labriola v. Clinton Entm't Mgmt., LLC*, No. 15-cv-4123, 2016 WL 1106862, at *3 (N.D. Ill. Mar. 22, 2016); and *Frisby v. Sky Chefs, Inc.*, Case No. 19-cv-7989, 2020 WL 4437805, at *5 (N.D. Ill. Aug. 3, 2020); however, in these cases the plaintiffs (for which the claims survived) alleged the number of hours they worked each week in which they were claiming damages. Moreover, as cited by the *Diaz* court, the "'requirement that plaintiffs must allege overtime without compensation in a given workweek' is 'not an invitation to provide an all-purpose pleading template alleging overtime in some or all workweeks,'" as Plaintiff does in this instance by merely providing his schedule. *Id.* (quoting *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013)).

Defendants acknowledge that there are various opinions as to what specifics are required in order to properly plead an overtime claim. However, even cases cited by Plaintiff such as *Virgilio v. FTD, LLC*, Case No. 22-cv-02628, 2923 WL 143225, *5 (N.D. Ill. Jan. 10, 2023), which is distinguishable as it is a misclassification case, provide that a plaintiff must provide some sufficient factual allegations to support a reasonable inference that they worked more than 40 hours in at least one workweek, and they were not properly compensated. Here, without any specifics as to how many hours Plaintiff actually worked within the pled start and end times, Plaintiff fails to properly plead a claim pursuant to the FLSA and/or IMWL and the court should grant Defendants' Motion to Dismiss for this additional reason. *See e.g.*, *Walker v. Walgreens Specialty Pharm., LLC,* No. 21 CV 5780, 2023 WL 5334609 (N.D. Ill. Aug. 18, 2023) (granting motion to dismiss overtime claim pursuant to the FLSA and IMWL and finding sufficient the plaintiff's pleading that he regularly worked 40 or more hours per week).

## II. IN ADDITION, THE COURT SHOULD GRANT DEFENDANTS' MOTION AS PLAINTIFF'S CLAIMS ARE TIME BARRED TO THE EXTENT HE SEEKS DAMAGES OUTSIDE OF THE APPLICABLE THREE-YEAR LIMITATIONS PERIOD.

Although it may be the case that "a complaint need not anticipate and overcome affirmative defenses[,] (ECF No. 44 p. 1), "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Jones v. iGo Mktg. and Ent. LLC*, No. 1:22-CV-03095-JRR, 2023 WL 5880152, at *3 (D. Md. Sept. 11, 2023). Here, Plaintiff pleads claims that are outside of the (undisputed) maximum applicable three-year statute of limitations and alleges only that "Cermak did not post the legal notices in the workplace as required under federal and state law and TORRES was unaware of his overtime rights under [sic] early 2023." ECF No. 36 at ¶11. However, this is insufficient. As set forth in *Jones*, in addition to pleading that the employer failed to post the proper notices, the "equitable tolling is inappropriate 'where the claimant failed to exercise due diligence in preserving his legal rights.'" *Id.* at *5 (quoting *Chao v. Va. Dep't of Transp.,* 291 F.3d 276, 283 (4th Cir. 2002). Just like in *Jones*, Plaintiff simply fails to plead that he "exercised even the barest of due diligence to preserve his alleged legal right." *Id.*

Defendants acknowledge that the court in *Chavez v. Don Stoltzner Mason Contractor, Inc. et. al.*, No. 10-cv-264, 2010 WL 1417029, at *5 (N.D. Ill. Apr. 5, 2010), found in that case that an allegation surrounding the lack of any FLSA poster was sufficient without further evidence of when the plaintiff acquired notice of his rights. However, nearly all other cases addressing equitable tolling including the U.S. Supreme Court, which Defendants highlighted in their Memorandum, no matter the context, provide that "[a]n individual . . . [must] demonstrate two elements in order to plead a claim for equitable tolling: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way to prevent timely filing."

5

*McColley v. Casey's General Stores*, 627 F. Supp. 3d 972, 978 (N.D. Ind. 2022). Moreover, in *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. Dec. 1, 2014), which is a case involving allegations surrounding the lack of a poster, the Fourth Circuit explained that "[e]quitable tolling is a rare remedy available only where the plaintiff has 'exercised due diligence in preserving [their] legal rights[]'"—which negates the position that Plaintiff's allegations are sufficient.

Plaintiff cites *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003), which involves the application of the discovery rule in a trespass case. Further, in *Clark* the Seventh Circuit explained that "equitable tolling assumes that the plaintiff *knows* he has been injured; the limitations period is tolled, however, if he cannot obtain information necessary to file suit." *Id.* at 767. Here, Plaintiff alleges that he did not know of his alleged overtime right. ECF No. 36 at ¶11. Thus, based on *Clark*, it appears that Plaintiff's allegations plead himself out of court on an equitable tolling claim; therefore, making dismissal at the 12(b)(6) stage appropriate.

Plaintiff cites to *Cortez v. Medina's Landscaping, Inc.*, No. 00-cv-6320, 2002 WL 31175471 (N.D. Ill. Sept. 30, 2002) ("*Cortez*"), for the proposition that if he proves that Defendants did not post the FLSA poster this "has the effect of tolling the statute of limitations." ECF No. 44 at p.2. However, in *Cortez*, the court explains that tolling only suspends "for a reasonably necessary period time" and further states that the fact that "it may take the plaintiff years to discover the legal (rather than factual) basis for his claim is normally irrelevant. Plaintiff[] [has] a duty to figure out the law on [his] own" thus, implying some form of diligence requirement exists—which Plaintiff in this matter fails to plead. *Id.* at *4.

Plaintiff cites to *Young Chul Kim v. Cap. Dental Tech. Lab'y, Inc.*, 279 F. Supp. 3d 765 (N.D. Ill. 2017), for the proposition that the "district court rejected the notion that a plaintiff had to plead failure to post the required FLSA notice in order to assert a tolling argument." ECF No.

6

44 at p. 2. However, the *Young Chul Kim* opinion addressed a motion for summary judgment and not a motion to dismiss. Further, the opinion does not expressly address what is required to plead equitable tolling, rather the opinion states that the failure to plead the lack of an FLSA poster is not necessarily fatal to an equitable tolling claim. *Id.* at 772.

In addition, as Defendants explained in their memorandum, while the doctrine of laches is not often applied in wage and hour claims, this is not the standard claim as Plaintiff seeks an *equitable* remedy far outside of the statutory statute of limitations—which would more than double the applicable time period. Plaintiff cites *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 586 (9th Cir. 1993) and *Wood v. City of Elgin*, No. 077-cv-05418, 2008 WL 4545334, at *5 (N.D. Ill. Oct. 9, 2008), for the proposition that the doctrine of laches does not apply when there is a statute of limitations for the claim nor in the FLSA context. ECF No. 44 at p. 9. However, here, Plaintiff is not simply seeking to plead claims within the statute of limitations that the FLSA (or the IMWL) provides for but rather he is seeking damages via the use of an *equitable* tolling doctrine that does not have a statute of limitations, for years prior to the applicable time period.

In conclusion, because Plaintiff's FAC fails to state a cause of action for equitable tolling and also fails to state a claim for overtime in general, Plaintiff's First Amended Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6).

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: June 25, 2024        Respectfully Submitted,

**CERMAK TIRES AND AUTO SERVICE INC.**; **SAUL MEZA**; and **RAFAEL MEZA**

By: **s/ Stephanie M. Dinkel**
Stephanie M. Dinkel, Esq. (Email: sdinkel@kdllclaw.com)
KOEHLER DINKEL LLC
900 S. Frontage Rd., Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2024, she electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Andrew Leutchmann
Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
Email: ALEUCHTMANN@GSRNH.COM

Donald S. Rothschild
Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
Email: GSR@GSRNH.COM

Keith R. Krider
Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
Email: KRK@GSRNH.com

/s/ Stephanie M. Dinkel
Stephanie M. Dinkel, Esq.