# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESUS H. TORRES,<br>    Plaintiff<br><br>v.<br><br>CERMAK TIRES AND AUTO SERVICE, INC., *et al.*,<br>    Defendants | No. 23 CV 2218<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss [41] is denied. The defendants shall answer the first amended complaint by August 28, 2024.

## STATEMENT

From 2016 through September 2022, Plaintiff Jesus H. Torres worked for Defendant Cermak Tires and Auto Service, Inc. ("Cermak"), servicing cars at Cermak's repair shop. (R. 36 ¶¶ 3, 6–7.) He was employed by Defendants Saul Meza and Rafael Meza, who were responsible for setting Torres' work schedule and determining his rate of pay. (*Id.* ¶¶ 4–5.) Torres alleges that the defendants failed to pay him overtime wages. (*Id.* ¶¶ 7, 9.) He filed suit, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") (Count I), and the Illinois Minimum Wage Law, 820 ILCS 105, *et. seq.* ("IMWL") (Count II). (*See generally*, *id.*) The defendants move to dismiss Torres' first amended complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 41.)

A motion to dismiss tests the sufficiency of a claim, not the merits of a case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The defendants argue that the first amended complaint should be dismissed because Torres fails to allege a valid overtime claim under either the FLSA or the IMWL. (R. 42 at 6–7.) Both statutes require employers to pay non-exempt employees one and one-half times their regular hourly wage for hours worked beyond forty hours a week.[1] *See* 29 U.S.C. § 207(a)(1); 820 ILCS 105/4a(1). Thus, to state an overtime claim under the FLSA or the IMWL, a plaintiff must allege forty hours of work in a workweek, as well as some uncompensated time worked in excess of forty hours. *See Downey v. Ineos Joliet, LLC*, No. 19 C 4119, 2021 WL 4258980, at *2 (N.D. Ill. Jan. 19, 2021); *Snell-Jones v. Hertz Corp.*, No. 19 C 120, 2020 WL 1233825, at *4 (N.D. Ill. Mar. 13, 2020).

In this case, Torres alleges that, from 2016 to 2019, he worked at Cermak Monday through Friday from 9:00 a.m. to 6:30 p.m., and from 2020 to 2022, his hours were 9:00 a.m. to 6:00 p.m. (R. 36 ¶ 7.) Additionally, from 2016 to 2021, Torres worked on Saturday from 9:00 a.m. to 2:00 p.m. without a lunch break. (*Id.*) During this time, Torres asserts that the defendants did not pay him an overtime rate for any time worked in excess of forty hours; rather, they paid him only his regular rate for all hours worked. (*Id.* ¶¶ 9, 13.)

The defendants argue that these general allegations regarding Torres' work schedule and pay rate are insufficient to plausibly state an overtime claim because they fail to indicate how many hours of overtime Torres worked during any given week and for how much he was not properly compensated. (R. 42 at 6.) "There is no requirement, however, that a FLSA plaintiff identify, by date, the specific weeks in which she was undercompensated; it is enough to allege that there was in fact at least one such week." *Hancox v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 17 C 1821, 2018 WL 3496086, at *3 (N.D. Ill. July 20, 2018); *see also Brown v. Club Assist Road Serv. U.S., Inc.*, No. 12 C 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013) ("FLSA claims . . . are fairly straightforward and do not require plaintiffs to plead infinitesimal details to render them plausible or to provide defendants with fair notice of the claims against them.").

Here, the fair and reasonable inference from Torres' allegations is that he regularly worked more than forty hours a week throughout his career at Cermak but was only paid his regular rate. *See, e.g., Snell-Jones*, 2020 WL 1233825, at *4 (the plaintiff "need not point to a particular week in which she worked 66 hours when the clear import of her allegations is that she did so nearly every week"). Such allegations are sufficient to plausibly state a claim for relief under the FLSA and IMWL. *See, e.g., Nava v. Barton Staffing Sols., Inc.*, No. 15 C 7350, 2016 WL 3708684, at *2 (N.D. Ill. Jan. 11, 2016) (plaintiff who alleged that he "regularly worked over forty hours per

---

[1] "Because the IMWL parallels the language of the FLSA," courts generally apply the same standard and consider the two statutory claims together. *See Chagoya v. City of Chi.*, 992 F.3d 607, 615 n.21 (7th Cir. 2021).

week but continued to be paid his regular pay rate, and not time and a half, for those additional hours" sufficiently put the defendant "on notice of his FLSA" claim).

Alternatively, the defendants argue that Torres has pleaded himself out of court for any overtime claims after 2021 because, presuming he had a one-hour lunch break (which the defendants say Torres admits in his interrogatory answers), he could not have worked in excess of forty hours per week from 2021 to 2022. (R. 42 at 6.) This argument calls on the Court to draw an inference against the plaintiff based on information outside of the four corners of the complaint, which it cannot do. *See Lax*, 20 F.4th at 1181 (the court draws "all reasonable inferences in the plaintiff's favor" on a motion to dismiss); *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) ("In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion."); *see also* Fed. R. Civ. P. 12(d). Moreover, the Court cannot, as the defendants so request, engage in "piecemeal dismissals of *parts* of claims" in ruling on a Rule 12(b)(6) motion. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original). "[T]he question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief[,]" and, here, it does. *Id.*

Finally, the defendants argue that any claims for damages that relate to acts occurring outside the three-year statute of limitations period that applies to violations of the IMWL and willful violations of the FLSA must be dismissed as time-barred. (R. 42 at 2–5); *see also* 29 U.S.C. § 255(a); 820 ILCS 105/12(a). The statute of limitations is an affirmative defense, which a complaint need not "anticipate and overcome." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Dismissing a complaint as untimely at the pleading stage is appropriate only when the plaintiff alleges "facts sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial) . . . ." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Here, Torres sufficiently alleges violations of the FLSA and the IMWL occurring within the three-year limitations period. (R. 36 ¶¶ 7–9.) That is sufficient for these claims to proceed. As explained above, the sort of "winnowing" of Torres' claims that the defendants desire is not appropriate on a motion to dismiss; that properly occurs at summary judgment. *See McInerney v. CareerBuilder, LLC*, No. 18 C 4073, 2019 WL 6497369, at *4 (N.D. Ill. Dec. 3, 2019) (citing *BBL, Inc.*, 809 F.3d at 325). The defendants' motion to dismiss Torres' FLSA and IMWL claims is therefore denied.

Date: August 7, 2024

JEREMY C. DANIEL
United States District Judge